## MOORESTOWN SUPPLY COMPANY, RESPONDENT, v. EUGENE L. BURNS, APPELLANT.

### Submitted December 6, 1917—Decided March 4, 1918.

The subsequent default of a building contractor who has earned a payment under his contract will not bar the rights of a claimant by stop-notice who has secured a lien on such earned payment thereby, although the contract contains provisions enabling the owner to take over the work and apply money unpaid to the contractor to the expense of its completion. *Stone Post Company* v. *Corcoran*, 80 *N. J. L.* 549, followed.

On appeal from the Burlington County Circuit Court.

For the appellant, *Gaskill & Gaskill.*

For the respondent, *George M. Hillman.*

The opinion of the court was delivered by

PARKER, J. This is a suit under the Mechanics' Lien act on a stop-notice, and was tried before Judge Carrow on a stipulation of facts. Judgment was entered for plaintiff and defendant appeals.

The stipulation shows that the defendant was the owner of a certain tract of land; that on July 26th, 1915, he made a contract with a corporation, which was in writing, and filed the next day, copy of the parts considered pertinent by the parties being annexed to the stipulation; that between August 3d and October 22d, 1915, the plaintiff sold and delivered to the contractor certain specified material for the building, amounting to $631.89, and that a balance of $439.07 is due and unpaid thereon; that on the 24th of October plaintiff demanded the said sum of the contractor, who refused to pay it, and on the 28th plaintiff gave the defendant the statutory notice; that at the time such notice was served the principal contractor had performed work by which under

the contract it had earned the second payment of $1,200; but, subsequently, the principal contractor failed to finish the contract, and pursuant to provisions thereof the defendant thereupon served three days' notice and took over the work and deducted the cost of completion from such payments as were then and thereafter earned by said contractor, having first received the approval of the architect named in the contract to such action and the amount charged the contractor, and defendant claimed that thereupon and thereby the plaintiff lost and forfeited all legal right of, to or in such payments as had then been and were thereafter earned by the contractor. The second ground of defence was substantially the same. The appeal rests on the following three propositions:

*First.* That the payment of $1,200 was not due because there was no architect's certificate to that effect.

*Second.* That the contract provided that the architect may withhold or  *  *  *  nullify the whole or any part of a certificate for payment, to protect the owner from loss on account of a reasonable doubt that the contract can be completed for the balance then unpaid.

*Third.* That even if the payment was originally due, the owner, because of his right to complete the building at the expense of the original contractor, had a claim on the second payment that was prior to that created by any stop-notice.

Taking up the last ground first, it seems to be settled adversely to the defendant by the case of *Stone Post Co.* v. *Corcoran,* 80 *N. J. L.* 549. If the payment was due, the contractor could sue for it, although his work was not complete, and if he then had a right of action, his sub-contractors, who have fastened upon that right of action by their stop-notice, were also entitled to enforce it by compliance with the statute.

As to the other two grounds, we find nothing in the contract making an architect's certificate a prerequisite to a payment being due. The main contract, as laid before us, provides simply that the second payment shall be due when

the masonry is up to full height. The specifications contain certain stipulations giving the owner the right to withhold moneys upon the certificate of the architect, * * * that there is danger that the contract cannot be completed within the contract price. But there is nothing to show that any such certificate was made.

Inasmuch as it does not appear that any certificate of the architect was necessary in order to entitle the contractor to a payment, the principle contended for, that where the payment is to be only on architect's certificate it is not due until the certificate is obtained in the absence of fraudulent denial thereof, becomes inapplicable.

The judgment should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Heppenheimer, Williams, Taylor, Gardner, JJ. 15.

*For reversal*—None.